NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.S.-G, INDIVIDUALLY AND BY HIS PARENTS AND LEGAL GUARDIANS, K.S.-G AND J.S.-G, : : : | |
| Plaintiff, : | Civil Action No. 06-cv-02847 (JHR) |
| : | |
| v.  : | **OPINION** and **ORDER** |
| : | |
| LENAPE REGIONAL HIGH DISTRICT BOARD OF EDUCATION and DANIEL HICKS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY : : : : : | |
| Defendants. : | |

**RODRIGUEZ**, Senior District Judge:

This matter comes before the Court on defendants', Lenape Regional High School District ("Lenape") and Daniel Hicks ("Hicks"), motion to dismiss plaintiffs M.S.-G., K.S.-G, and J.S.-G.'s ("M.S.-G.") Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, the Court will grant Lenape's Motion to Dismiss.

**I. Factual Background and Procedural History**

This case comes to the Court on M.S.-G.'s appeal of a New Jersey Administrative Law Judge's dismissal of a due process complaint under the Individuals with Disabilities Education Act ("IDEA") for insufficient pleadings. Plaintiff M.S.-G. is a tenth grade student at Shawnee High School in Medford, New Jersey, on "self-contained placement." (Lenape Br., Ex. A, Epstein Letter, June 12, 2006 ("Epstein Letter, June 12, 2006").). M.S.-G. is emotionally disturbed and drug dependant. (Id.) Between the end of 2005 and Spring 2006, the school

1

suspended M.S.-G. ten times.  (Id.)  Neither of M.S.-G.'s attorney's two letters seeking an administrative review of the suspensions state the reason for the suspensions.  (Id.; Lenape Br., Ex. C, Epstein Letter, June 5, 2006 ("Epstein Letter, June 5, 2006").)

M.S.-G.'s attorney wrote a letter to the New Jersey Office of Special Education on June 5, 2006 seeking a due process hearing concerning the suspensions and seeking remedial action.  (Epstein Letter, June 5, 2006.)  New Jersey Administrative Law Judge John R. Tassini dismissed M.S.-G.'s complaint on June 12, 2006, citing M.S.-G.'s failure to allege facts related to the suspensions and failure to propose a remedial plan.  (Lenape Br., Ex. B, J.S. v. Lenape Reg'l High Sch. Dist. Bd. of Educ., OAL Dkt. No. 4303-06 ("Lenape Br., Ex. B").)  In his decision, the Administrative Law Judge urged M.S.-G. to "communicate" with Lenape and asked the parties to make a good-faith effort to resolve their differences.  (Id.)  Instead, M.S.-G.'s attorney submitted essentially the same letter the Administrative Law Judge had just dimissed as insufficient to the New Jersey Office of Special Education on June 12, again seeking a due process hearing.  (Epstein Letter, June 12, 2006.)  Again, Administrative Law Judge Tassini dismissed the letter as insufficient for the reasons stated supra, and again asked the parties to communicate and make a good-faith effort to resolve their differences.  (Lenape Br., Ex. C, J.S. v. Lenape Reg'l High Sch. Dist. Bd. of Educ., OAL Dkt. No. 4328-06 ("Lenape Br., Ex. C").)

M.S.-G. appealed the Administrative Law Judge's decision to this Court, making claims under the IDEA, the Rehabilitation Act of 1973, the Civil Rights Act, and the New Jersey Law Against Discrimination.  (See generally Compl.)  Lenape filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. Discussion

**A.     Standard of Review**

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts. Glenside West Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp., 716 F. Supp. 1100, 1107 (D.N.J. 1991).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintff.  See Scheuser, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The question before the court is not whether movants will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look at the face of the pleadings and decide whether, taking all of the allegations of facts as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Only the allegations in the Complaint, matters of public record, orders, and exhibits attached to the complaints are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  This Court has subject matter jurisdiction once an administrative law judge renders a final decision. D.R. v. E. Brunswick Bd. of Educ., 838 F. Supp. 184, 188 (D.N.J. 1993) aff'd 109 F.3d 896 (3d Cir. 1997).

**B.     The Administrative Law Judge Correctly Dismissed Plaintiff's Claim because it Failed to Conform to the IDEA's Pleading Requirements**

Lenape argues that M.S.-G has failed to state a claim that he was deprived a public education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, et. seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Civil Rights Act, 42 U.S.C. §§ 1983, 1985 and 1988; and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. (Lenape Br. at 1.)  Lenape argues this Court does not have subject matter jurisdiction to hear the claim because the New Jersey Administrative Law Judge's decision to dismiss the complaint as insufficient was not final and, therefore, M.S.-G has not exhausted his administrative remedies.  (Id. at 6.)  Additionally, Lenape argues that M.S.-G. has recast his IDEA and Rehabilitation Act claims as § 1983 and New Jersey Law Against Discrimination claims to bypass the IDEA's administrative exhaustion requirements.  (Id. at 6-8.)

M.S.-G. argues that a New Jersey Administrative Law Judge improperly dismissed as insufficient his due process petition with the New Jersey Office of Special Education seeking remedial action for ten suspensions from Shawnee High School between 2005 and 2006.  (Comp. at ¶¶ 2, 9-14.)  M.S.-G additionally argues that in violating his rights under the IDEA and Rehabilitation Act that the school district violated his civil rights under 42 U.S.C. § 1983 (2006) and the New Jersey Law Against Discrimination.  (Id. at ¶¶ 17-30.)

The IDEA provides for direct appeal of an adverse administrative decision to the United State district court or state court.  20 U.S.C. § 1415(i)(2)(A); see also H.G. v. Audubon Bd. of Educ., No. 05-4220, 2006 WL 1675072 at *3-4 (D.N.J. June 15, 2006) (noting that the aggrieved party has the right to appeal to the district court).  While the act requires exhaustion of

administrative procedures, the final determination of a claim by an administrative law judge satisfies that requirement.  See 20 U.S.C. § 1415(i)(1)(B); H.G., No. 05-4220, 2006 WL 1675072 at * 3-4.  New Jersey law provides no additional review following an administrative law determination, but the agrrieved party can directly appeal to the United States District Court of the New Jersey Superior Court.  S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F.3d 260, 266 (3d Cir. 2003).  Here, the administrative law judge twice dismissed M.S.-G.'s complaint as insufficient, rendering a final judgment.  (Lenape Br., Ex. B; id. at Ex. C.)  Under the plain language of the statute, and consistent with this Court's recent decision, in H.G., M.S.-G. has the right to appeal the decision of the Administrative Law Judge's decison to this Court or the New Jersey Superior Court.  Therefore, this Court has subject matter jurisdiction to decide the appeal.

When this Court reviews the decisions of Administrative Law Judges in IDEA cases, it applies an "unusual" standard of review.  Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 199 (3d Cir. 2004) (Alito, J.).  This court must give "due weight" to the Administrative Law Judge's determination, id. (citations and internal quotation marks omitted), applying a modified de novo review, L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 389 (3d Cir. 2006).  If the district court departs from the Administrative Law Judge's reasoning, it must fully explain why.  S.H., 336 F.3d at 271.

A party filing a due process complaint under IDEA must include in the Complaint 1) the child's name, address and school name; 2) the "nature of" the child's problem "relating to a proposed initiation [of] or change" in the child's program, "including the facts relating to such problem"; and 3) "a proposed resolution of the problem to the extent known and avilable to the

party at the time." 20 U.S.C. § 1415(b)(7)(A)(ii).  The pleading standards under the IDEA are "minimal."  Schaffer ex. rel. Schaffer v. Weast, 546 U.S. 528, 532 (2005).

The Administrative Law Judge here dismissed M.S.-G.'s due process Complaint under the IDEA for failure to allege facts related the the problem and to propose a resolution to the problem.  (Lenape Br., Ex. C.)  Specifically, the Administrative Law Judge found that M.S.-G. did not "allege facts and/or circumstances" about why M.S.-G.'s suspension was wrongful and why return to school was appropriate.  (Id.)  Also, the letter did not contain a description of the remedial program M.S.-G. seeks.  (Id.)   The Administrative Law Judge also found that M.S.-G. did not submit an individualized education plan and did not make a good-faith effort to resolve his differences with the school district.  (Id.)  This case differs from the above-cited cases related to the IDEA because the Administrative Law Judge in this case has not developed a record.  This is because the Administrative Law Judge found M.S.-G.'s request for a due process hearing lacked the basic elements required by the statute.  Therefore, the Court will limit the scope of its review of the case to the issue of whether M.S.-G.'s complaint met the statute's minimal pleading standards

The only facts stated in M.S.-G.'s letter requesting a due process hearing are 1) that M.S.-G. is in the tenth grade at Shawnee High School; 2) he is classified as "emotionally disturbed"; 3) the school suspended him for at least 10 days; and 4) he is drug dependant.  (Lenape Br., Ex. B.)  While the pleading standards under the IDEA are minimal, they are not non-existant.  The statute requires a statement of facts relating to the program.  M.S.-G.'s letter does not state why the school suspended M.S.-G. or the nature of M.S.-G.'s problem and how it relates to the suspensions.  Also, M.S.-G.'s letter does not state how to solve the problem, beyond requesting

6

remedial education; returning M.S.-G. to school; and psychiatric evaluation and treatment. M.S.-G.'s letter does not state how this will resolve the problem, perhaps in part because M.S.-G. does not identify the problem. Affording due weight to the findings of the Administrative Law Judge, his decision dismissing M.S.-G.'s Complaint because it fails to conform to the pleading standards required by the statute will be affirmed.

M.S.-G. has argued that in addition to the pleading standards being minimal, that this Court should liberally construe the pleadings. M.S.-G finds support for his contention by reading the Supreme Court's recent decision in Schaffer with Collingsgru v. Palmyra Bd. of Educ., 161 F.3d 225 (3d Cir. 1998). M.S.-G.'s reading, however, finds no support in the law. Collingsgru concerned the right of a non-lawyer parent to represent his child in an appeal of an administrative law determination in United States District Court. 161 F.3d at 228. The Collingsgru Court did state that because the IDEA is a remedial statute courts should interpret it liberally. Id. at 232. The court added, however, that liberal construction typically applies to the remedial portion of the statute. Id. Here, M.S.-G.'s complaint failed to comply with the law's minimal pleading requirement; the complaint's dismissal did not concern the remedies available under the IDEA.

### C.     The Plaintiff Dressed his IDEA Claim as a § 1983 Claim

M.S.-G. also pursues a § 1983 complaint asserting that Lenape violated his rights under the IDEA.

Plaintiffs may pursue a § 1983 claim for violations the IDEA. W.B. v. Matula, 67 F.3d 484, 495 (3d Cir. 1995). While relief that goes beyond the IDEA's remedies does not require administrative exhaustion, a plaintiff cannot "circumvent" the exhaustion requirements by

cloaking an IDEA claim as a § 1983 suit.  Id. at 495-96; Hornstine v. Twp. of Moorestown, 263 F. Supp. 2d 887, 900 (D.N.J. 2003).  "Courts look unfavorably upon plaintiffs and attorneys who employ this strategy because it undermines Congress' goal of providing comprehensive protections and benefits for disabled students under the IDEA."  Hornstine, 263 F. Supp. 2d at 900 (citations omitted).  The focus of the IDEA is on whether schools are affording special needs students appropriate public education.  Id.  If a plaintiff's claim goes beyond the IDEA's focus, the courts will excuse the exhaustion requirement as futile.  W.B., 67 F.3d at 496.

      M.S.-G.'s complaint claims relief under § 1983 for violations of the Rehabilitation Act and the IDEA.  (Compl. at ¶¶ 17-28.)  These complaints, however, restate the claims M.S.-G. made in the letter for a due process hearing before the Administrative Law Judge.  No where in the Complaint does M.S.-G. expand on facts the Administrative Law Judge and this Court found insufficient to sustain the IDEA claim.  While the complaint does allege that Lenape deprived M.S.-G. of counsel by directly communicating with him despite his representation of counsel, M.S.-G. provides no support beyond the conclusory claim.  (Id. at ¶ 28.)  Additionally, M.S.-G. never pursued this claim in his brief in opposition to Lenape's motion to dismiss.  (See generally M.S.-G. Br.)  Because M.S.-G.'s § 1983 claim goes no further than his IDEA claim, it appears to be an IDEA claim disguised as a § 1983 claim.  The § 1983 claim, therefore, is subject to the same administrative exhaustion requirements to which this Court would subject an IDEA claim.  As noted supra, there is no factual record in this case to support an IDEA claim at this time.  Therefore, M.S.-G.'s § 1983 claim will be dismissed.

**D.     This Court does not have Subject Matter Jurisdiction to Hear Plaintiff's State Law Claim**

In addition to M.S.-G.'s federal law claims, he pursues a claim under New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.  This Court, having dismissed M.S.-G.'s federal law claims does not have subject matter jurisdiction to hear M.S.-G.'s state law claim. Therefore, M.S.-G.'s state law claim will be dismissed.

### III. Conclusion

For the reasons set for above,

IT IS on this 24th day of January, 2007 ORDERED that Defendants' Motion to Dismiss is GRANTED.


/S/ Joseph H. Rodriguez

JOSEPH H. RODRIGUEZ
United States District Judge